IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,           )
                                    )
                Plaintiff,          )
                                    )
        v.                          )       No.  10 CR 790
                                    )
HARVEY WOODFORK,                    )
                                    )
                Defendant.          )

MEMORANDUM OPINION AND ORDER

This Court has received and reviewed the Government's
Sentencing Memorandum (cited here "Mem.--"), which had been filed
and delivered to chambers at the beginning of this week.  This
memorandum opinion and order strikes that Memorandum sua sponte
because, to be blunt, it reflects no real attention to the
circumstances of this case--it is obviously the product of
counsel's having pushed a button (or its electronic equivalent)
to spew out one of the United States Attorney's office's
standardized products that can sometimes make sense[1] but that, as
written, really has no relevance at all to the case at hand.

That standardized product stresses the importance of the
Sentencing Guidelines in the sentencing process and urges over
and over again (here beginning at Mem. 2) that the sentencing

_____

    [1]  Indeed, even that possibility gives the prosecutor's
office more credit than it merits.  What do counsel think is the
effect on a judge of the repeated submissions of a boilerplate
rote communication that reflects no independent thought and is
tendered verbatim, whether or not it fits the case before the
court?

court should pay heed to snippets from the caselaw to that effect. But in doing so the Memorandum studiously de-emphasizes the repeated teaching from the Supreme Court, beginning in <u>Booker</u> and continuing in <u>Rita</u>, <u>Gall</u> and <u>Kimbrough</u>, that points in the opposite direction by stressing the discretion vested in sentencing judges even while those judges use an advisory Guideline calculation as the jumping-off point en route to a sentence conforming to 18 U.S.C. §3553(a)("Section 3553(a)").[2]

In light of the Supreme Court's clear approach that consistently reconfirms the independence of the sentencing judge, it is an understatement to describe as troubling a potboiler sentencing memorandum that just keeps repeating that the "court should give serious consideration to the Advisory Guidelines range" (Mem. 2) and again should "give serious consideration to the Guidelines" (Mem. 3) and "seriously consider the advisory range" (<u>id</u>.). To the same effect, the Memorandum seeks to reinforce that message with sections that speak of the appropriateness of "A Within Guideline Sentence" (Mem. §III.A) and "A Sentence Within the Guideline Range" (Mem. §III.B) and "A Sentence Within the Guideline Range" (Mem. §III.C)--when all the

---

[2] True enough, the Memorandum does quote some small excerpts from <u>Booker</u>, <u>Rita</u> and <u>Gall</u>. But in a sense that makes it less persuasive, for it fails to acknowledge that the ultimate message from the Supreme Court is that the Guideline calculation is really a way station en route to a studied application of the provisions of Section 3553(a), most particularly Section 3553(a)(2).

while the Guideline range in <u>this</u> case is calculated at 46 to 57 months (Mem. 1), but there is a mandatory minimum sentence of 60 months here, which of course trumps the Guidelines.[3]

This Court candidly regrets the strong tone of this opinion--indeed, it regrets having to issue the opinion at all. But its respect for the United States Attorney's office has prompted what has been said here, for the thoughtless delivery of a one-size-fits-all document in a case that it does not fit at all seems to this Court to be the route to diminishing that level of respect. In this Court's view the office would be well served by its taking a fresh look in general at the work product that has been tendered here--and even if that is not done, it is obviously essential for the prosecutors to vet that product's inapplicability (and hence its nonsubmission) in cases where the discussion does not fit at all.

Milton I. Shadur
Senior United States District Judge

Date: March 9, 2012

---

[3] Given that mandatory minimum sentence, there is no Guideline "range" at all--60 months is it.